**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-02407-MSK

**CLARK DAVIDSON, and**
**SARI DAVIDSON,**

     Plaintiffs,

v.

**WELLS FARGO BANK, and**
**DOES 1-5,**

     Defendants.

___

**OPINION AND ORDER REMANDING ACTION**
___

     **THIS MATTER** comes before the Court *sua sponte*.

     The Plaintiffs commenced this action on or about August 14, 2014, in the Colorado District Court for Routt County. The Complaint alleges that in 2007, the Plaintiffs initially purchased a home in Steamboat Springs, Colorado, with the assistance of a $ 570,000 mortgage loan provided by Defendant Wells Fargo Bank. The initial mortgage provided for "interest only" payments for a period of time. In 2009, the Plaintiffs refinanced that mortgage into a 30-year mortgage at a 5% interest rate. In 2013, the Plaintiffs sought to take advantage of a "federal refinance program" that they were eligible for. They sent "more than 10 written letters" to Wells Fargo Bank requesting the refinance relief, but Wells Fargo deemed them "ineligible" because their income exceeded a certain amount (which, the Plaintiffs contend, overstates their income). Wells Fargo offered to consider the Plaintiffs for a different refinancing program, but ultimately rejected them because their income was too low.

Based on these facts, the Plaintiffs assert two causes of action, both arising under state law: (i) breach of contract, in that Wells Fargo "has not acted in good faith and fair dealing with Plaintiffs" and "denied Plaintiffs rights and benefits available to [them]"; and (ii) breach of fiduciary duty, in that Wells Fargo's status as Plaintiffs' "banker" creates a fiduciary obligation, which Wells Fargo has failed to act within.  With regard to both claims, the Plaintiffs allege that they "have suffered economic and consequential damages including but not limited to: payment of a higher interest rate the past three years than market rate, future damages of a higher interest rate than Plaintiffs could have secured, exponential damages because of Defendant's breach of their fiduciary duties, prejudgment and post-judgment interest, attorney fees and costs, and other damages to be proved at trial."

On August 29, 2014, Wells Fargo filed a Notice of Removal (**# 1**) of the action to this Court, citing the existence of federal subject-matter jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332.  Wells Fargo alleged that the Plaintiffs were citizens of Colorado, that Wells Fargo was a citizen of South Dakota, and that the amount in controversy exceeded $ 75,000.  Wells Fargo based that latter assertion on two contentions: (i) the Plaintiffs' Civil Cover Sheet indicated that the amount in controversy exceeded $ 100,000; and (ii) that, with a loan amount of $ 570,000, "even a 1.0% decrease in the rate would amount to approximately $ 120,000 over the life of the loan."

Federal District Courts are possessed of limited subject-matter jurisdiction, and when a matter is removed from state to federal court, there is a presumption against the existence of federal jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Thus, the burden is on the party invoking federal jurisdiction – here, Wells Fargo – to show by a preponderance of the evidence that the necessary factual basis for the exercise of federal subject-

matter jurisdiction is present. *Lindstrom v. U.S.*, 510 F.3d 1191, 1193 (10th Cir. 2007). Wells Fargo must make that showing on the face of the Complaint itself and any well-pled factual allegations in the Notice of Removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

28 U.S.C. § 1332 provides that the Court may exercise federal subject-matter jurisdiction based on diversity of citizenship where the amount in controversy exceeds $ 75,000. Here, the Court finds that Wells Fargo has failed to carry its burden of showing that the amounts claimed by the Plaintiffs exceed this sum. The mere fact that the Plaintiffs indicated that the value of the case exceeded $ 100,000 on the Civil Cover Sheet is, of itself, insufficient to establish the amount in controversy. *See Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1215 (D. Colo. 2007). That leaves Wells Fargo's observation that a one-percentage point change in the Plaintiffs' interest rate, calculated over the life of the loan, would yield a sum in excess of the jurisdictional threshold. Although this may be mathematically correct, it fails to carry Wells Fargo's burden, as Wells Fargo has not shown that the Plaintiffs' claims necessarily assert that the alleged unlawful conduct prevented them from obtaining a refinance with an interest rate a full percentage point (or more) below that on their existing loan; it is equally possible that the Plaintiffs complain only of the loss of a half- or quarter-percent interest rate. Moreover, it is not necessarily apparent that the full value of the Plaintiffs' original mortgage, $ 570,000, is the proper figure to against which a change in the interest rate can be multiplied in order to assess the amount in controversy. Although the Complaint alleges that the Plaintiffs' initial mortgage in 2007 was an "interest-only" loan, such that regular minimum payments would not reduce the principal amount, the Complaint alleges that the Plaintiffs refinanced that loan into a conventional mortgage in 2009, and apparently proceeded to make four years of payments on

that loan before seeking to refinance it again in 2013.  Thus, nothing in the record justifies the conclusion that the full initial amount of the loan is the proper multiplier of any claimed injury resulting from an inability to refinance at a lower interest rate.

Accordingly, the Court finds that it lacks subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.  The Court **REMANDS** the action to the Colorado District Court for Routt County pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court shall transmit the entire case file to the Clerk of the Colorado District Court for Routt County and shall close this case.

Dated this 10th day of October, 2014.

BY THE COURT:

_____

Marcia S. Krieger
Chief United States District Judge